JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RAY SAM

**(b)** County of Residence of First Listed Plaintiff

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS

NCO FINANCIAL SYSTEMS, INC.

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE
DOCKET NUMBER

Explanation:

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/05/2012 | /s/ Craig Thor Kimmel |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RAY SAM    .     :
            :   CIVIL ACTION
     v.      :
            :   NO.
NCO FINANCIAL SYSTEMS, INC.  :
            :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 11/05/2012 | Craig Thor Kimmel | Plaintiff, Sam Ray |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 20100 Park Row Drive, Apt. 502, Katy, TX 77449

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 11/05/2012       /s/ Craig Thor Kimmel             57100
                         Attorney-at-Law                   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 11/05/2012       /s/ Craig Thor Kimmel             57100
                         Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAY SAM,  ) | |
| ) | |
| Plaintiff  ) | |
| ) | |
| v.  ) | **Case No.:** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC.,  ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant  ) | |
| _____  ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

RAY SAM ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business and has its principal office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5.    Plaintiff is a natural person residing in Katy, Texas 77449.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.    Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9.    Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.   At all pertinent times hereto, Defendant was hired to collect a consumer debt(s) and repeatedly contacted Plaintiff in its attempts to collect the debt(s).

12.   The alleged debt(s) at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13.   Plaintiff disputes owing the alleged debt(s).

14.   Beginning in August 2012, Defendant constantly and continuously placed collection calls to Plaintiff on his cellular telephone seeking and demanding payment for an alleged debt.

15.   Plaintiff received collection calls from the following numbers: (800) 220-2274, which the undersigned has confirmed is a telephone number belonging to Defendant.

16.   Defendant contacted Plaintiff, on average, two (2) to four (4) times a day in its attempts to collect a debt, causing Plaintiff to receive more than ten (10) collection calls a week.

PLAINTIFF'S COMPLAINT

17.    It was inconvenient for Plaintiff to receive Defendant's collection calls, as they were received, many times, while Plaintiff was at work.

18.    Plaintiff's employer does not allow him to receive personal calls at work.

19.    On numerous occasions, Plaintiff instructed Defendant not to contact him at work; however, Defendant continued to call him at work.

20.    On one occasion, Defendant contacted Plaintiff's secretary, who also instructed Defendant to stop calling Plaintiff while he was at work.

21.    In addition to communicating with Plaintiff at places where it was inconvenient for him to receive debt collection calls, Defendant called Plaintiff at times where it was inconvenient for him to receive debt collection calls.

22.    Specifically, on at least one occasion, Defendant contacted Plaintiff at 10:30 p.m. on his cellular telephone.

23.    Further, in its attempts to collect a debt, Defendant threatened Plaintiff that he would be arrested if he did not pay the alleged debt.

24.    In Texas, non-payment of a debt is not a crime and a person cannot be arrested for not paying his/her debts.

25.    Defendant made this false statement to Plaintiff in order to cause fear and apprehension in Plaintiff, believing that to do so would cause Plaintiff to make payment on the alleged debt.

26.   In response to its threat that he would be arrested, Plaintiff told Defendant to stop calling him.

27.   Later that evening, Defendant called him, with the intent to annoy, abuse, and harass Plaintiff, as it knew he did not want to receive its calls.

28.   Further, Defendant threatened Plaintiff that he would "lose everything he owned" if he did not pay the alleged debt.

29.   Again, at the time Defendant made this false statement, Defendant did not intend to take Plaintiff's property to satisfy the debt and did not have the legal authority to do so either.

30.   Additionally, Defendant deceptively claimed that it was taking Plaintiff to Court and would sue him, as well as serving his employer with documents about the debt, if he did not make payment that same day.

31.   Once again, at the time Defendant made this false statement, Defendant did not intend to take sue Plaintiff or serve any paperwork on his employer and did not have the legal authority to do so either.

32.   Lastly, on four (4) occasions, Plaintiff requested that Defendant send him validation of the alleged debt(s); however, Defendant did not do so, and instead persisted in calling Plaintiff.

33.   Defendant conducted its debt collection activities in ways that were factually misrepresented and in violation of the FDCPA.

PLAINTIFF'S COMPLAINT

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34.   Defendant violated the FDCPA based on the following:

## COUNT I

a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m.

## COUNT II

c. A debt collector violates §1692c(a)(3) of the FDCPA by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

- 6 -

d.   Defendant violated §1692c(a)(3) of the FDCPA when it communicated with Plaintiff about a debt at his place of employment, after having been told repeatedly by Plaintiff that his employer prohibited him from receiving personal calls at work.

## COUNT III

a.   A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day, numerous days a week, causing him to receive more than ten (10) collection calls a week.

## COUNT IV

a.   A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

- 7 -

PLAINTIFF'S COMPLAINT

b. A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. A debt collector violates §1692e(7) of the FDCPA by falsely representing or implicating that the consumer committed any crime or other conduct in order to disgrace the customer.

e. Here, Defendant violated §§1692e, 1692e(4) and 1692e(7) of the FDCPA by claiming that Plaintiff would be arrested if he failed to make a payment on the alleged debt as well as claiming that Plaintiff would lose his property for nonpayment of a debt.

f. Further, Defendant violated §§1692e and 1692e(5) of the FDCPA by claiming that it would take legal action against him when it did not intend to take any such action.

## COUNT V

a. A debt collector violates §1692f of the FDCPA by using unfair or

PLAINTIFF'S COMPLAINT

unconscionable means to collect or attempt to collect any debt.

    b.  Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including threatening to contact Plaintiff's employer and not providing him information about the alleged debt.

35.   As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, RAY SAM, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation for the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3); and

    d.  Any other relief that this Honorable Court deems appropriate.

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3
    PLEASE TAKE NOTICE that Plaintiff, RAY SAM, demands a jury trial in

4
this case.

5
                            RESPECTFULLY SUBMITTED,

6
    DATED: 11/05/2012          KIMMEL & SILVERMAN, P.C.

7

8
                       By: */s/ Craig Thor Kimmel*
                           Craig Thor Kimmel
9
                           Attorney ID # 57100
                           Kimmel & Silverman, P.C.
10
                           30 E. Butler Pike
                           Ambler, PA 19002
11
                           Phone: (215) 540-8888
                           Fax: (877) 788-2864
12
                           Email: kimmel@creditlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT